```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

NITOR EGBARIN,                      :
                                    :
          Plaintiff,                :
                                    :
v.                                  :    CIV. NO. 3:03cv1907(JCH)
                                    :
                                    :
AMERICAN EXPRESS COMPANY,           :
AMERICAN EXPRESS FINANCIAL          :
ADVISORS, INC, AND JOHN             :
LAURITO,                            :
                                    :
          Defendants.               :

### RULING AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

On December 15, 2004, the court granted plaintiff's motion to compel with respect to Requests for Production 38, 39, 50, 51, and 52 (doc. #58). Defendants filed a motion for reconsideration of that ruling, and a motion for protective order. At oral argument on the motions, the defendants informed the court that their efforts to comply with the court's orders had become unduly burdensome. With respect to Requests 38 and 39, defendants argued that re-creating the first 16 files for departed and active advisors was extremely time-consuming and expensive because customer files are routinely reassigned when advisors depart and lists are not kept that would allow defendants to determine the first 16 files assigned to an advisor. With respect to Requests 50 and 51, the defendants argued that there was no way for them to determine which

documents are responsive. With respect to Request 52, the defendants argued that compliance would require exhaustive review of advisors' calendars, and that advisors no longer working for defendants would be unreachable.

The court granted plaintiff's motion for reconsideration, and stated that, based on defendants' representations to the court, they had met their obligation to respond to plaintiff's request.

On April 13, 2005, the court held a telephonic conference to clarify the meaning of the court's order on the motion for reconsideration. During that conversation, defendants represented to the court that they had made 50 boxes of documents available for weekend inspection by plaintiff, and were compiling the first 16 files for each financial advisor. Defendants informed the court that they had produced approximately 60 to 70 percent of the other advisors' files sought by plaintiff, and believed that this satisfied their obligation to respond.

The court determined that plaintiff had ample opportunity to inspect the documents produced by defendants and to gather evidence in support of his argument that the defendants' reasons for terminating his employment were pretextual. The court granted defendants' motion for reconsideration, finding that any further production by defendants was unduly burdensome and not supported by the evidence already produced. The court ordered defendants

to produce the 16 customer files worked on by plaintiff, to the extent that the defendants were able to recreate these 16 files. The court ordered defendants to allow plaintiff access to the documents already in the room until plaintiff was finished with his inspection.

Plaintiff now moves for reconsideration of this order.  The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling law or material facts that the court overlooked. In re BDC 56 LLC, 330 F.3d 111, 123 (2d. Cir. 2003); Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)(citations omitted). Generally, the three grounds justifying reconsideration are 1) an intervening change of controlling law; 2) the availability of new evidence; or 3) the need to correct a clear error or prevent manifest injustice. Virgin Atl. Airways Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

Plaintiff asserts that the court did not apply the correct standard of law in granting defendants' motion for reconsideration, and did not discuss any of the grounds for granting the motion.  Defendants respond that plaintiff's motion for reconsideration is untimely, because it was filed on April 19, 2005, well after the 10-day period allowed under Local Rule 7(c). Second, the defendants argue that the motion for

3

reconsideration was properly granted based upon new evidence presented by defendants about the burdensomeness of compliance that only surfaced after defendants made an attempt to comply with the court's December 20, 2004 order.  While burdensomeness and relevance were both raised in defendants' initial papers on the motion to compel, the extent of the burden, and the limited relevance of the documents that were produced, did not come fully to light until defendants began complying with the initial order.  Therefore, the court appropriately granted the motion for reconsideration to consider new evidence.

Defendants are correct that plaintiff should have filed a motion for reconsideration within 10 days of the court's endorsement order on March 21, 2005.  While the court did not articulate its reasoning for its decision in the endorsement order, plaintiff nonetheless could have filed a motion for reconsideration or clarification within the 10-day period.  While the court could deny the instant motion entirely on these grounds, in light of the fact that plaintiff did file his motion shortly after the telephone conference clarifying the order, the court considers the motion on its merits.

Plaintiff's motion for reconsideration is therefore GRANTED, to consider plaintiff's argument that the court applied an incorrect standard of law in granting defendants' motion for reconsideration.  Because the court has determined that

4

defendants did present new evidence, the court correctly granted defendants' motion for reconsideration, and adheres to its original decision.

CONCLUSION

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 25th day of August, 2005.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE